IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE AUTOMOBILE MECHANICS' INDUSTRY WELFRE AND PENSION FUNDS LOCAL 701<br>　　　　Plaintiffs,<br><br>v.<br><br>MIDWEST FORESTREE PRODUCTS, INC., an Illinois Corporation<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.<br><br>Judge<br><br>Magistrate | FILED: MAY 22, 2008<br>08CV2990　　　TC<br>JUDGE NORGLE<br>MAGISTRATE JUDGE SCHENKIER |

## COMPLAINT

Plaintiffs, **TRUSTEES OF THE AUTOMOBILE MECHANICS LOCAL NO. 701 WELFARE AND PENSION FUNDS**, by their attorneys, **PAUL M. EGAN** and **ARNOLD AND KADJAN**, complain against Defendant, **MIDWEST FORESTREE PRODUCTS, INC., an Illinois corporation**:

## COUNT I

1.　(a)　Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

　　(b)　Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.　Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are THE AUTOMOBILE MECHANICS LOCAL 701, WELFARE AND PENSION FUNDS the ("Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between **MIDWEST FORESTREE PRODUCTS, INC.**, and Automobile Mechanics Local 701 and its affiliated local the ("Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which established the Funds.

4. Defendant, **MIDWEST FORESTREE PRODUCTS, INC.**, an Illinois corporation is an employer engaged in an industry affecting commerce with offices located within this Court's jurisdiction.

5. As of October 1, 2000, **MIDWEST FORESTREE PRODUCTS, INC.** has entered into a collective bargaining agreement with the Union pursuant to which it is required to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A" & "B").

6. By virtue of certain provisions contained in the collective bargaining agreements, **MIDWEST FORESTREE PRODUCTS, INC.** is bound by the Trust Agreement establishing the Funds.

7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **MIDWEST FORESTREE PRODUCTS, INC.** is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by

Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8. Since October 1, 2000 through to the present, **MIDWEST FORESTREE PRODUCTS, INC.** has admitted, acknowledged and ratified the collective bargaining agreements entered into with the Union by filing periodic report forms with the Funds by making some but not all of the periodic payments to the Funds as required by the collective bargaining agreements.

9. An audit was performed for the period of July 1, 2003 through December 31, 2006, which showed delinquent contributions totaling $87,172.00 due to the Welfare Fund and $33,444.00 due to the Pension Fund, for a total of $120,616.00.

WHEREFORE, Plaintiffs pray for relief as follows:

A. Judgment be entered against **MIDWEST FORESTREE PRODUCTS, INC.** and in favor of Plaintiffs, the Automobile Mechanics Local No. 701 Welfare and Pension Funds, in the amount of $120,616.00 plus costs and attorneys fees pursuant to 29 U.S.C. 1132(g)(2).

B. This Court enjoin **MIDWEST FORESTREE PRODUCTS, INC.** from violating the terms of the collective bargaining agreement and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

C. This court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT II

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

(b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are THE AUTOMOBILE MECHANICS LOCAL 701, WELFARE AND PENSION FUNDS the ("Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between **MIDWEST FORESTREE PRODUCTS, INC.**, and Automobile Mechanics Local 701 and its affiliated local the ("Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which established the Funds.

4. Defendant, **MIDWEST FORESTREE PRODUCTS, INC.**, an Illinois corporation is an employer engaged in an industry affecting commerce with offices located within this Court's jurisdiction.

5. As of October 1, 2000, **MIDWEST FORESTREE PRODUCTS, INC.** has entered into a collective bargaining agreement with the Union pursuant to which it is required to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A").

6. By virtue of certain provisions contained in the collective bargaining agreements, **MIDWEST FORESTREE PRODUCTS, INC.** is bound by the Trust Agreement establishing the Funds.

7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **MIDWEST FORESTREE PRODUCTS, INC.** is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8. Since October 1, 2000 through to the present, **MIDWEST FORESTREE PRODUCTS, INC.** has admitted, acknowledged and ratified the collective bargaining agreements entered into with the Union by filing periodic report forms with the Funds by making some but not all of the periodic payments to the Funds as required by the collective bargaining agreements.

9. By virtue of the foregoing, Plaintiffs have been damaged in an amount not presently ascertainable as to any amounts due and owing after December 31, 2006.

WHEREFORE, Plaintiffs pray for relief as follows:

A. **MIDWEST FORESTREE PRODUCTS, INC.** be ordered to permit an audit of all their books and records to determine whether or not they have complied with the applicable contribution requirements for the period from January 1, 2007 through present.

B. Judgment be entered against **MIDWEST FORESTREE PRODUCTS, INC.** and in favor of Plaintiffs, the Automobile Mechanics Local No. 701 Welfare and Pension Funds.

C. This Court enjoin **MIDWEST FORESTREE PRODUCTS, INC.** from violating the terms of the collective bargaining agreement and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

D. This court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**THE AUTOMOBILE MECHANICS LOCAL NO. 701 WELFARE AND PENSION FUNDS**


By:___s/Paul M. Egan_____
     One of their Attorneys

Paul M. Egan
**ARNOLD AND KADJAN**
19 West Jackson Blvd.
Chicago, IL 60604
(312) 236-0415

Exhibit

A

## ARTICLE 32 - DURATION OF AGREEMENT

This agreement shall continue in full force and effect from OCTOBER 1, 2000 through SEPTEMBER 30, 2005. Notice of a desire by either party to modify or terminate this agreement shall be give at least sixty (60) days prior to the expiration date hereof. In the event that notice is not given by either party within the above time, then the agreement shall continue from year to year according to its original terms.

COMPANY:                                         SIGNED:

Midwest Forestree Products                       Automobile Mechanics Union Local 701

BY: _____                      BY: _____

Date: 12-15-01                                   Date: 10/19/01

Exhibit

B

## ARTICLE 31-COMMERCIAL DRIVERS LICENSE AND D.O.T. REGULATIONS

When an employee is required to obtain a commercial drivers license (CDL), the Company will assume the cost of the difference between the basic license and CDL license for the initial license. Thereafter, the employee will be responsible for maintaining the license. The Company will assume the cost of D.O.T. physical and the time necessary to take the physical.

## ARTICLE 32 - DURATION OF AGREEMENT

This agreement shall continue in full force and effect from OCTOBER 1, 2005 through SEPTEMBER 30, 2010. Notice of a desire by either party to modify or terminate this agreement shall be give at least sixty (60) days prior to the expiration date hereof. In the event that notice is not given by either party within the above time, then the agreement shall continue from year to year according to its original terms.

COMPANY:                                                           SIGNED:

Midwest Forestree Products                                         Automobile Mechanics Union Local 701

By: _____                                        By: _____

Date: 4-24-06                                                      Date: 5-5-06

28