IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE AUTOMOBILE MECHANICS' INDUSTRY WELFARE AND PENSION FUNDS, LOCAL 701, <br><br> Plaintiffs, <br><br> v. <br><br> MIDWEST FORESTREE PRODUCTS, INC., an Illinois Corporation, <br><br> Defendant. | Case No. 08 CV 2990 <br> Judge Norgle <br> Magistrate Judge Schenkier |

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, Midwest Forestree Products, Inc. ("MFP" or the "Company"), by and through its attorneys, for its Answer to Plaintiffs' Complaint, states as follows:

## COUNT I

**PARAGRAPH NO. 1:**

(a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

**ANSWER:**

Defendant admits that Plaintiff purports to invoke this court's jurisdiction pursuant to Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), but Defendant denies that it has engaged in any unlawful conduct for which liability can be imposed.

(b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

ANSWER:

Defendant admits that Plaintiff purports to invoke this court's jurisdiction pursuant to Sections 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §§1132(e)(2), but Defendant denies that it has engaged in any unlawful conduct for which liability can be imposed.

PARAGRAPH NO. 2:

Venue is founded pursuant to 29 U.S.C. Section 1132(e)92) in this District where the Funds, as described in Paragraph 3, are administered.

ANSWER:

Defendant admits the allegations contained in Paragraph No. 2.

PARAGRAPH NO. 3:

(a) The Plaintiffs in this count are THE AUTOMOBILE MECHANICS LOCAL 701, WELFARE AND PENSION FUNDS the ("Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

ANSWER:

Defendant admits the allegations contained in Paragraph No. 3(a).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between MIDWEST FORESTREE PRODUCTS, INC., and Automobile Mechanics Local 701 and its affiliated local the ("Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

ANSWER:

Defendant admits the allegations contained in Paragraph No. 3(b).

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which established the Funds.

ANSWER:

Defendant admits the allegations contained in Paragraph No. 3(c).

**PARAGRAPH NO. 4:**

Defendant, MIDWEST FORESTREE PRODUCTS, INC., an Illinois corporation is an employer engaged in an industry affecting commerce with offices located within this Court's jurisdiction.

**ANSWER:**

Defendant admits the allegations contained in Paragraph No. 4.

**PARAGRAPH NO. 5:**

As of October 1, 2000, MIDWEST FORESTREE PRODUCTS, INC. has entered into a collective bargaining agreement with the Union pursuant to which it is required to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A" & "B").

**ANSWER:**

Defendant admits it entered into a collective bargaining agreement effective October 1, 2000 with the union, which has contribution requirements, according to its terms.

**PARAGRAPH NO. 6:**

By virtue of certain provisions contained in the collective bargaining agreements, MIDWEST FORESTREE PRODUCTS, INC. is bound by the Trust Agreement establishing the Funds.

**ANSWER:**

Defendant admits that it was bound to a collective bargaining agreement requiring it to be bound by the Trust Agreement establishing the Funds.

**PARAGRAPH NO. 7:**

Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, MIDWEST FORESTREE PRODUCTS, INC. is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs of their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

**ANSWER:**

Defendant admits that it was bound to a collective bargaining agreement requiring it to make contributions to Plaintiff and periodically submit to an audit to determine Defendant's

3

compliance with its obligations to the Funds, but denies that the terms contained in said Agreement require Defendant to make periodic contributions to the Funds on behalf of certain employees. Defendant admits that some, but not all, of its employees are represented for collective bargaining purposes by the Union. Defendant, further answering, states that all but two of Defendant's employees working at its East Dundee, IL and Darien, WI facilities were excluded from the Collective Bargaining Agreement by mutual agreement of the Defendant and Local 701 and, therefore, Defendant had no obligation to make contributions for those employees under the terms of the Collective Bargaining Agreement.

**PARAGRAPH NO. 8:**

Since October 1, 2000 through to the present, MIDWEST FORESTREE PRODUCTS, INC. has admitted, acknowledged and ratified the collective bargaining agreement entered into with the Union by filing periodic report forms with the Funds by making some but not all of the periodic payments to the Funds as required by the collective bargaining agreements.

**ANSWER:**

Defendant admits that it has submitted periodic report forms but denies that it did not make the contributions required. It is without knowledge or information to sufficient to form a belief as to the remaining allegations of Paragraph 8.

**PARAGRAPH NO. 9:**

An audit was performed for the period of July 1, 2003 through December 31, 2006, which showed delinquent contributions totaling $87,172.00 due to the Welfare Fund and $33,444.00 due to the Pension Fund, for a total of $120,616.00.

**ANSWER:**

Defendant admits the allegations contained in Paragraph No. 9 as to what the audit claimed was due and owing to the Welfare and Pension Fund. Defendant denies the remaining allegations contained in Paragraph No. 9.

4

## COUNT II

**PARAGRAPH NO. 1:**

    (a)    Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

**ANSWER:**

Defendant admits that Plaintiff purports to invoke this court's jurisdiction pursuant to Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), but Defendant denies that it has engaged in any unlawful conduct for which liability can be imposed.

    (b)    Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

**ANSWER:**

Defendant admits that Plaintiff purports to invoke this court's jurisdiction pursuant to Sections 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §§1132(e)(2), but Defendant denies that it has engaged in any unlawful conduct for which liability can be imposed.

**PARAGRAPH NO. 2:**

Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

**ANSWER:**

Defendant admits the allegations contained in Paragraph No. 2.

**PARAGRAPH NO. 3:**

    (a)    The Plaintiffs in this count are THE AUTOMOBILE MECHANICS LOCAL 701, WELFARE AND PENSION FUNDS the ("Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

**ANSWER:**

Defendant admits the allegations contained in Paragraph No. 3(a).

5

(b)  The Funds have been established pursuant to collective bargaining agreements previously entered into between MIDWEST FORESTREE PRODUCTS, INC., and Automobile Mechanics Local 701 and its affiliated local the ("Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

**ANSWER:**

Defendant admits the allegations contained in Paragraph No. 3(b).

(c)  The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which established the Funds.

**ANSWER:**

Defendant admits the allegations contained in Paragraph No. 3(c).

**PARAGRAPH NO. 4:**

Defendant, MIDWEST FORESTREE PRODUCTS, INC., an Illinois corporation is an employer engaged in an industry affecting commerce with offices located within this Court's jurisdiction.

**ANSWER:**

Defendant admits the allegations contained in Paragraph No. 4.

**PARAGRAPH NO. 5:**

As of October 1, 2000, MIDWEST FORESTREE PRODUCTS, INC. has entered into a collective bargaining agreement with the Union pursuant to which it is required to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A").

**ANSWER:**

Defendant admits it entered into a collective bargaining agreement effective October 1, 2000 with the union, which has contribution requirements, according to its terms.

**PARAGRAPH NO. 6:**

By virtue of certain provisions contained in the collective bargaining agreements, MIDWEST FORESTREE PRODUCTS, INC. is bound by the Trust Agreement establishing the Funds.

**ANSWER:**

Defendant admits that it was bound to a collective bargaining agreement requiring it to be bound by the Trust Agreement establishing the Funds.

**PARAGRAPH NO. 7:**

Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, MIDWEST FORESTREE PRODUCTS, INC. is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs of their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

**ANSWER:**

Defendant admits that it was bound to a collective bargaining agreement requiring it to make contributions to Plaintiff and periodically submit to an audit to determine Defendant's compliance with its obligations to the Funds, but denies that the terms contained in said Agreement require Defendant to make periodic contributions to the Funds on behalf of certain employees. Defendant admits that some, but not all, of its employees are represented for collective bargaining purposes by the Union. Defendant, further answering, states that all but two of Defendant's employees working at its East Dundee, IL and Darien, WI facilities were excluded from the Collective Bargaining Agreement by mutual agreement of the Defendant and Local 701 and, therefore, Defendant had no obligation to make contributions for those employees under the terms of the Collective Bargaining Agreement.

**PARAGRAPH NO. 8:**

Since October 1, 2000 through to the present, MIDWEST FORESTREE PRODUCTS, INC. has admitted, acknowledged and ratified the collective bargaining agreement entered into with the Union by filing periodic report forms with the Funds by making some but not all of the periodic payments to the Funds as required by the collective bargaining agreements.

**ANSWER:**

Defendant admits that it has submitted periodic report forms but denies that it did not make the contributions required. It is without knowledge or information to sufficient to form a belief as to the remaining allegations of Paragraph 8.

**PARAGRAPH NO. 9:**

By virtue of the foregoing, Plaintiffs have been damaged in an amount not presently ascertainable as to any amounts due and owing after December 31, 2006.

**ANSWER:**

Defendant denies the allegations contained in Paragraph No. 9.


Dated: July 10, 2008                             MIDWEST FORESTREE PRODUCTS, INC.


                                                 By:   /s/ Lindsy A. Wilkerson
                                                       Lindsy A. Wilkerson

Lindsy A. Wilkerson (06281337)
lwilkerson@lanermuchin.com
Laner, Muchin, Dombrow, Becker,
  Levin and Tominberg, Ltd.
515 North State Street
Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)

## CERTIFICATE OF SERVICE

Lindsy A. Wilkerson, an attorney, hereby certifies that she caused Defendant's Answer to Plaintiffs' Complaint, via Electronic Filing, to be served on counsel of record for Plaintiff, through the U.S. District Court, Northern District of Illinois e-filing system, on this 10th day of July 2008, addressed to:

> Paul M. Egan
> Arnold and Kadjan
> 19 West Jackson Boulevard
> Chicago, IL 60604

> /s/ Lindsy A. Wilkerson
> Lindsy A. Wilkerson